**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| The Center for Reproductive Rights<br>199 Water Street<br>New York, NY 10038,<br><br>        Plaintiff,<br><br>   v.<br><br>U.S. Department of State<br>2201 C Street NW<br>Washington, DC 20520<br><br>        Defendant. | Civil Action No.   18-2217 |

**<u>COMPLAINT</u>**

<u>(Freedom of Information Act)</u>

Plaintiff, the Center for Reproductive Rights ("the Center") brings this action against

Defendant, the U.S. Department of State ("DOS") to compel compliance with the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.

As further alleged below, the Center has sought certain information from DOS that is

directly relevant to the Center's mission of using the power of law to advance reproductive rights

as fundamental human rights around the world.  On April 20, 2018, DOS released the 2017

*Country Reports on Human Rights Practices* ("Human Rights Reports" or "Reports"), which is a

series of reports documenting the status of human rights in nearly 200 countries and territories.

In previous years, the Human Rights Reports included a subsection titled "Reproductive Rights"

under Section 6 ("Discrimination, Societal Abuses, and Trafficking in Persons").  This

subsection often included research on the impact of laws restricting access to reproductive health

care around the world, including reporting on whether individuals "have the right to decide the

number, spacing, and timing of their children; manage their reproductive health and have access

to the information and means to do so."[1]  Past Human Rights Reports have also contained, within

the Reproductive Rights subsection, information about the availability of contraception, rates of

maternal mortality, and civil society concerns about total abortion bans.[2]  These annual Reports

are congressionally mandated by Section 502B(a-c) of the Foreign Assistance Act of 1961, as

amended in 1974 and 1976, and require the Secretary of State to report on "all the available

information about observance of and respect for human rights and fundamental freedom" in each

respective country.[3]  The Reports systematically document human rights abuses around the

world, including violations of individuals' reproductive rights, and provide invaluable

information to the U.S. government, lawmakers, academics, civil society organizations, and

human rights defenders around the world.

The 2017 Human Rights Reports, however, do not contain the subsection previously

titled "Reproductive Rights."  Instead, the 2017 Human Rights Reports contain a subsection

titled "Coercion in Population Control" which focuses on an extremely narrow subset of human

rights violations, namely whether or not there were any "reports of coerced abortion, involuntary

sterilization, or other coercive population control methods."[4]  The DOS's apparent decision to

remove the "Reproductive Rights" subsection and replace it with a "Coercion in Population

Control" section undermines the credibility and integrity of the Reports and deprives

---

[1]  *See e.g.*, U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: Haiti § 6 (Mar. 3, 2017), *available at* http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2016&dlid=265594.

[2]  *Id.* (discussing challenges that young women faced in obtaining family planning services, and high risk of maternal deaths in the country, especially due to complications from abortions).

[3]  *See* International Security Assistance and Arms Export Control Act of 1976, Pub L. No. 94-329, 90 Stat. 729, 747 (codified as amended at 22 U.S.C. § 2304(c)(1)(A)).

[4]  *See e.g.*, U.S. Dep't of State, Country Reports on Human Rights Practices for 2017: Haiti § 6 (Apr. 20, 2018), *available at* http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017&dlid=277339.

policymakers, advocates, and researchers of essential information.  The Center is particularly

concerned that this demonstrates a shift away from protecting and advancing women's

reproductive rights.

Pursuant to FOIA, the Center requested certain records relating to the 2017 Human

Rights Reports and the apparent decision to alter and/or replace the "Reproductive Rights"

subsection (the "Request").  This FOIA Request was received by the Department of State's

Office of Information Programs and Services on July 2, 2018.  DOS has not claimed that the

requested information is subject to any FOIA exceptions or privileges and has not advanced any

other reason why it should not be disclosed.  Despite the clear statutory requirement that an

agency respond to a FOIA request within 20 days, and despite the Center's repeated inquiries,

DOS has failed to provide a final determination or produce any documents in response to the

Center's Request—indeed, DOS has failed to provide any response to the Request other than to

acknowledge receipt.  The Center seeks to compel DOS to comply with its obligations under

FOIA and promptly produce the requested records.

The Center further alleges as follows:

## PARTIES

1.      Plaintiff, the Center for Reproductive Rights, is a 501(c)(3) non-profit corporation

incorporated under the laws of the State of New York and headquartered at 199 Water Street,

New York, NY 10038.  The Center for Reproductive Rights is dedicated to using the power of

law to advance reproductive rights as fundamental human rights around the world.  It is the only

global legal advocacy organization dedicated to reproductive rights, and its litigation and

advocacy has played a key role in expanding access to reproductive health care around the world.

2.      Defendant, the U.S. Department of State, is an agency of the United States government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  DOS is headquartered at 2201 C Street NW, Washington, DC 20520.  DOS has possession, custody, and control of the documents that the Center seeks in response to the FOIA request.

## JURISDICTION & VENUE

3.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4.      Because DOS failed to comply with the requirements to respond set forth in 5 U.S.C. § 552(a)(6)(A), the Center has constructively exhausted its administrative remedies and is entitled to proceed with this judicial action pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

5.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

6.      The Freedom of Information Act, 5 U.S.C. § 552, mandates disclosure of records held by a federal agency, in response to a request for such records by a member of the public, unless records fall within certain narrow statutory exemptions.

7.      As the United States Supreme Court has recognized, "the basic purpose of [FOIA] is 'to open agency action to the light of public scrutiny.'" *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976).  Such scrutiny improves the public's understanding of governmental operations and, thus, enables a vibrant and functioning democracy.

8.      Accordingly, the Center submitted a FOIA request to DOS to promote public understanding of the Department's decision to remove the Reproductive Rights subsection from the 2017 Human Rights Reports.

## FACTUAL BACKGROUND

### A.   THE 2017 HUMAN RIGHTS REPORTS

9.     Every year, the State Department publishes country-specific reports documenting the status of human rights around the world.  The publication of these reports is congressionally mandated, and the information compiled is used to inform U.S. policy decisions.  *See* 22 U.S.C. § 2304 (requiring submission to Congress of a report regarding the status of human rights in every country that receives certain types of U.S. government assistance).  These Reports are initially drafted at the country level and are informed by meetings and information exchanges with civil rights groups, journalists, and other governmental and non-governmental actors.  In his remarks announcing the publication of the 2017 Human Rights Reports, then-acting Secretary of State John J. Sullivan called the reports, "the most comprehensive and factual accounting of the global state of human rights."[5]  The removal of the reproductive rights subsection undermines this sentiment and deprives policymakers both in the United States and around the world of important information.

10.     In 2016, each country's report included a Reproductive Rights subsection, which often featured information about recent legislation affecting women's reproductive rights and up-to-date statistics regarding maternal mortality rates.[6]  For example, the 2016 Costa Rican report announced that an executive order legalizing in-vitro fertilization had gone into effect in the country.  Similarly, the report for the Dominican Republic included statistics on the number of childbirth-related deaths in the country's maternity hospitals that year, and the Honduran report

---

[5]  *See* Acting Secretary of State John J. Sullivan, Remarks on the Release of the 2017 Country Reports on Human Rights Practices (Apr. 20, 2018), *available at* https://www.state.gov/s/d/2018/280666.htm.

[6]  *See* U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: Costa Rica § 6 (Mar. 3, 2017), *available at* https://www.state.gov/j/drl/rls/hrrpt/2016/wha/265576.htm.

included information on the Ministry of Health's efforts to expand family planning services in low-income areas.[7]   The report on the Philippines was one of the most extensive, providing updates on a variety of recent developments, such as rulings by the country's Supreme Court on the provision of reproductive health services and the launch of a national inquiry into the denial of such services to women by local governments.[8]

11.   Yet, this information was removed from the 2017 Human Rights Reports without explanation.  Specific reporting on the conditions women faced in Costa Rica, the Dominican Republic, Honduras and the Philippines was replaced with the exact same boilerplate language for each country: "[t]here were no reports of coerced abortion, involuntary sterilization, or other coercive population control methods.  Estimates on maternal mortality and contraceptive prevalence are available at: www.who.int/reproductivehealth/publications/monitoring/maternal-mortality-2015/en/."[9]  This brief, two-sentence statement also replaced detailed reports of reproductive rights in the Reports for, among others, Afghanistan, Bangladesh, Bolivia, El Salvador, Guatemala, Haiti, Laos, Pakistan, Peru, and Venezuela, reducing the value of reports which had previously included nuanced, real time observations about conditions in each

---

[7]   *See* U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: Dominican Republic § 6 (Mar. 3, 2017), *available at* https://www.state.gov/j/drl/rls/hrrpt/2016/wha/265582.htm; *see* U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: Honduras § 6 (Mar. 3, 2017), *available at* https://www.state.gov/j/drl/rls/hrrpt/2016/wha/265596.htm.

[8]   *See* U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: The Philippines § 6 (Mar. 3, 2017), *available at* http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2016&dlid=265366.

[9]   *See e.g.*, U.S. Dep't of State, Country Reports on Human Rights Practices for 2017: Costa Rica § 6 (Apr. 20, 2018), *available at* https://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017&dlid=277321# wrapper.

country.[10]  In fact, this Reproductive Rights subsection, previously included for each one of the 195 countries covered by the Reports' comprehensive assessment of the state of human rights around the world, was now removed entirely.  For some countries, such as Guatemala, by referencing a 2015 World Health Organization study, the replacement text and statistics relied upon in the 2017 Reports were actually *older* and less up-to-date than the statistics referenced in the prior year's Report.  Such changes are wholly incompatible with the Report's stated goal of being the "most comprehensive and factual accounting of the global state of human rights."

**B.   THE CENTER'S FOIA REQUEST**

12.   On June 22, 2018, the Center filed a FOIA request with DOS seeking records relating to the apparent decision to not include the Reproductive Rights subsection in the 2017 *Country Reports on Human Rights Practices.*

13.   A true and correct copy of the Request is attached as Exhibit A.

14.   On July 2, after failing to receive a written response from DOS, the Center contacted DOS via email and phone.  The Center was told to also submit the FOIA request via email to FOIAStatus@state.gov.  The Center did so that same day.

15.   On July 10, the Center sent a follow-up email asking for a case control number and a status update.  The following week on July 16, the Center called the FOIA office and was told over the phone that the Request had received a case control number of F-2018-04922, and that the Request had been logged on July 3.

16.   On July 19, the Center again contacted DOS's FOIA office via email, asking for a status update on the request and noting that it had not yet received an acknowledgment letter.

---

[10]  *See e.g.*, U.S. Dep't of State, Country Reports on Human Rights Practices for 2017: Bolivia
§ 6 (Apr. 20, 2018), *available at*
http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017&dlid=277311.

DOS responded via email on July 20, stating, "Your FOIA request is pending processing.  Please note that the Department processes FOIA and Privacy Act requests on a first-in, first-out basis, and currently has a backlog of approximately 10,500 cases.  As a result, there could be delays in processing your request."  A true and correct copy of this email is attached as Exhibit B.

17.     On July 30, the Center received, via paper mail, an acknowledgement letter dated July 24 from DOS's Office of Information Programs and Services.  The acknowledgement letter stated that the Office of Information Programs and Services received the FOIA request on July 2 (hereinafter, the "July 2 Request").  It also confirmed the case control number of F-2018-04922. A true and correct copy of this acknowledgment letter is attached as Exhibit C.

## C.     THE STATE DEPARTMENT'S FAILURE TO RESPOND

18.     Pursuant to FOIA, within 20 business days of receipt of the Center's July 2 Request—that is, no later than July 31—DOS was required to "determine . . . whether to comply with such request" and to "immediately notify" the Center of "such determination and the reasons therefor," and, in the case of an adverse determination, the Center's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

19.     Other than the July 24 acknowledgment letter, to date, the Center has received no further response from DOS related to the July 2 Request.

20.     DOS has not made a final determination regarding the July 2 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT I - FAILURE TO COMPLY WITH FOIA

21.     The Center incorporates each of the foregoing paragraphs of this Complaint.

22.     Pursuant to FOIA, 5 U.S.C. § 552(a), the Center has a statutory right to access requested agency records.

23.     DOS has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §
552(a)(6)(A)(i), for the July 2 Request.

24.     Because DOS failed to comply with the requirements to respond set forth in 5
U.S.C. § 552(a)(6)(A), the Center has constructively exhausted its administrative remedies and is
entitled to proceed with this judicial action pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

25.     Under FOIA, when an agency "improperly with[o]ld[s]" records, this Court may
"enjoin the agency from withholding agency records" and "order the[ir] production." 5 U.S.C. §
552(a)(4)(B).

26.     Furthermore, this Court may provide declaratory relief because this is a case of
"actual controversy" within the jurisdiction of this Court.  28 U.S.C. § 2201(a).  An actual
controversy exists because the Center contends that DOS's continuing failure to act with respect
to the Center's FOIA request is in violation of the law.

## PRAYER FOR RELIEF

WHEREFORE, the Center respectfully requests that this Court enter a judgment for the Center and award the following relief:

a.    Declaratory relief declaring that DOS's failure to respond to the Center's July 2 Request is unlawful;

b.    Injunctive relief ordering DOS to respond to the Center's July 2 Request, by a date certain (but no later than October 31, 2018), by (a) conducting a search that is reasonably likely to lead to the discovery of any and all records responsive to the Center's July 2 Request, (b) demonstrating that it has conducted an adequate search, and (c) producing to the Center any and all non-exempt records or portions of records responsive to the Center's July 2 Request, as well as a Vaughn index of any records or portions of records withheld due to a claim of exemption;

c.    Award the Center its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.    Grant the Center such other and further relief as the Court may deem just and proper.

September 25, 2018

Respectfully submitted,

Katherine Smith (C.A. Bar No. 247866)
ksmith@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

/s/ Wendy Miller

Wendy Miller (D.C. Bar No. 1035161)
wmiller@gibsondunn.com
Mia Donnelly (D.C. Bar No. 1034277)
(admission pending)
mdonnelly@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Plaintiff*
*The Center for Reproductive Rights*